[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11622
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-20876-CMA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEXANDRE DOS ANJOS OLIVEIRA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 4, 2016)

Before TJOFLAT, WILLIAM PRYOR and JILL PRYOR, Circuit Judges.

PER CURIAM:

Alexandre Dos Anjos Oliveira appeals his sentence of 38 months of

imprisonment, imposed after he pleaded guilty to attempting to export firearm

parts without a license. 22 U.S.C. § 2778. Dos Anjos Oliveira challenges the denial of his motion for a downward departure, United States Sentencing Guidelines Manual § 2M5.2, cmt. n.1 (Nov. 2014), which he contends made his sentence procedurally and substantively unreasonable. We affirm.

We lack jurisdiction to review the denial of Dos Anjos Oliveira's motion for a downward departure. We cannot review a discretionary decision not to depart downward "unless the district court incorrectly believed that it lacked the statutory authority to depart from the guideline range." *United States v. Norris*, 452 F.3d 1275, 1282 (11th Cir. 2006). The district court reviewed the commentary of section 2M5.2, considered the parties' arguments, and questioned the government about how Dos Anjos Oliveira's case differed from a defendant for whom the government had requested a departure. The record establishes that the district court understood that it could depart and declined to do so.

Dos Anjos Oliveira's sentence is procedurally and substantively reasonable. He attempted to export to Brazil four disassembled AR-15 assault rifles by disguising the parts as tools, toys, or electrical components. The district court granted the motion of the government to reduce Dos Anjos Oliveira's offense level by three points for his acceptance of responsibility, *see* U.S.S.G. § 3E1.1, and correctly calculated his adjusted advisory guideline range of 46 to 57 months. Even so, the district court decided to vary downward from the low end of that range by 8

2

months. The district court reasonably determined that a sentence of 38 months of imprisonment took into account Dos Anjos Oliveira's lack of a criminal history and his "depression from which he has been off of work as a military police officer for some time" and addressed the need to "promote respect for the law and provide deterrence to others." *See* 18 U.S.C. § 3553(a). We cannot say that the district court abused its discretion by sentencing Dos Anjos Oliveira to a term that is far below his maximum statutory sentence of 20 years of imprisonment.

We **AFFIRM** Dos Anjos Oliveira's sentence.